

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
8TH JUDICIAL CIRCUIT
CIVIL DIVISION

JODY SHACKELFORD,                                                                                               PLAINTIFF,

v.                                       CASE NO.: 3:24-CV-00123-JM/JJV

MORGAN & MORGAN
COMPLEX LITIGATION SERVICES, P.A.,                                                         DEFENDANT.

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Jody Shackelford, Attorney at Law, ("Plaintiff"), pro se brings this action against Morgan & Morgan Complex Litigation Services P.A. ("Defendant" or "Morgan & Morgan"), states:

### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction) as the claims arise under federal law and state law; Defendant is a business entity doing

business in the State of Arkansas, and Plaintiff is an Arkansas attorney and resident of the state for all relevant times.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district, and Defendant conducts business in this district.

## LEGAL FRAMEWORK AND CLAIMS

3. Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce.

4. The Federal Communications Commission (FCC) prohibits the broadcast of false or misleading advertising.

5. Arkansas Rule of Professional Conduct 7.2 prohibits the use of client testimonials and dramatizations in attorney advertisements to prevent misleading and deceptive practices.

6. Defendant's violation of Rule 7.2 of the Arkansas Rules of Professional Conduct serves as direct evidence supporting the claim that Defendant's wrongful conduct subsequently breached Federal laws regarding unfair trade practices, deceptive trade practices, and false or misleading advertising. This conduct, in contravention of both state and FCC regulations, has resulted in harm to the Plaintiff.

## BACKGROUND FACTS

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. Morgan & Morgan engages in extensive advertising campaigns across multiple states, including Arkansas, utilizing television, radio, and online platforms.

9. Despite the prohibition under Arkansas Rule of Professional Conduct 7.2, Morgan & Morgan broadcasts advertisements into the State of Arkansas containing client testimonials and dramatizations, going so far as to explicitly state "DRAMATIZATION" at the bottom of the screen.





*This screenshot of a commercial Defendant ran in Arkansas in 2024.*

10. These dramatized ads play daily on tv stations across the state of Arkansas, these ads include the "Miss More" campaign, and other dramatic productions.



11. The Arkansas rules of Professional Conduct 7.2 prohibit clients being featured in advertisements.

12. The next page shows an advertisement that Defendant ran in Arkansas in 2024 in violation of Rule 7.2 by using an actual client:





*This screenshot of a commercial Defendant ran in Arkansas in 2024, showing a client in the advertising in violation of rule 7.2.*

13. These advertisements mislead Arkansas consumers by implying that client testimonials and dramatizations are an acceptable form of attorney advertising in the state, thereby creating a false impression of compliance with local professional conduct rules.

14. These advertisements have reached and influenced consumers in Arkansas, leading them to retain Defendant's services under the belief that such testimonials and dramatizations are permissible and indicative of superior legal services.

15. As a result, Morgan & Morgan has signed up a multitude of Arkansas cases, diverting potential clients from Arkansas attorneys and law firms.

16. As an Arkansas attorney who spends money on advertising in competition with Defendant for cases, Plaintiff and his business activities are harmed by Defendants unfair conduct.

## IMPACT ON PLAINTIFF'S BUSINESS

17. Morgan & Morgan's unfair and deceptive advertising practices have caused specific harm to Plaintiff, including:

    a. Loss of clients who were misled by Morgan & Morgan's advertisements.

    b. Damage to Plaintiff's reputation due to perceived inferiority compared to Morgan & Morgan's services.

    c. Unfair competition as Morgan & Morgan gains an unfair advantage by violating advertising rules that Plaintiff adheres to.

## DEFENDANTS' SPECIFIC ROLES AND RESPONSIBILITIES

18. Defendant through John B. Morgan, the founder and principal attorney of MORGAN & MORGAN COMPLEX LITIGATION SERVICES, P.A., commonly known as

Morgan and Morgan, is responsible for approving and authorizing the advertising campaigns.

19. John B. Morgan, through his agents, staff, employee attorneys, associate attorneys, and local counsel, and agents of the Defendant P.A., does engage in unfair and deceptive advertising in the State of Arkansas in violation of the aforementioned Federal Rules.

### COUNT ONE: VIOLATION OF FCC BROADCAST RULES

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Morgan & Morgan's advertisements containing client testimonials and dramatizations violate Arkansas Rule of Professional Conduct 7.2, which prohibits such content to prevent misleading and deceptive practices.

22. By broadcasting these advertisements in Arkansas, Morgan & Morgan has violated FCC rules prohibiting false or misleading advertising.

23. These advertisements, which include disclaimers such as "DRAMATIZATION," and "ACTUAL CLIENT" falsely imply compliance with Arkansas advertising rules and are thus misleading to Arkansas consumers.

24. As a direct and proximate result of Morgan & Morgan's violations, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of clients, damage to reputation, and unfair competition.

## COUNT TWO: UNFAIR TRADE PRACTICES

25. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

26. Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), prohibits unfair acts or practices in or affecting commerce.

27. Morgan & Morgan's advertising practices, which include the use of client testimonials and dramatizations in violation of Arkansas Rule of Professional Conduct 7.2, constitute unfair trade practices.

28. These practices cause substantial injury to consumers and competitors, including Plaintiff, by misleading consumers and diverting business from law firms that comply with ethical advertising standards.

29. The harm caused by these practices is not outweighed by any countervailing benefits to consumers or competition and is not reasonably avoidable by consumers.

30. The willful violation of Arkansas Rule of Professional Conduct 7.2 is evidence that Morgan & Morgan's conduct is an unfair trade practice under the Federal Trade Commission Act.

31. As a direct and proximate result of Morgan & Morgan's unfair trade practices, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of clients, damage to reputation, and unfair competition.

32. Morgan & Morgan's conduct has been willful, deliberate, and in bad faith, warranting the imposition of punitive damages.

### COUNT THREE: DECEPTIVE TRADE PRACTICES

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), prohibits deceptive acts or practices in or affecting commerce.

35. Morgan & Morgan's advertising practices, which include the use of client testimonials and dramatizations in violation of Arkansas Rule of Professional Conduct 7.2, constitute deceptive trade practices.

36. These advertisements mislead Arkansas consumers by implying that client testimonials and dramatizations are an acceptable form of attorney advertising in the state, thereby creating a false impression of compliance with local professional conduct rules.

38. The misleading nature of these advertisements is material, as it affects consumers' decisions to retain Morgan & Morgan's services.

39. As a direct and proximate result of Morgan & Morgan's deceptive trade practices, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of clients, damage to reputation, and unfair competition.

40. Morgan & Morgan's conduct has been willful, deliberate, and in bad faith, warranting the imposition of punitive damages.

## COUNT FOUR: REQUEST FOR INJUNCTIVE RELIEF

41. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42. Plaintiff seeks a preliminary and permanent injunction to stop Defendant from continuing to engage in the deceptive and unfair advertising practices described above while this case is being litigated.

43. Defendant's ongoing violations of Arkansas Rule of Professional Conduct 7.2 and federal regulations are causing and will continue to cause irreparable harm to Plaintiff and the consuming public if not enjoined.

44. Plaintiff has a substantial likelihood of success on the merits of this case, given the clear evidence of Defendant's wrongful conduct.

45. The balance of equities tips in favor of Plaintiff, as the harm to Plaintiff and the public outweighs any potential harm to Defendant from the issuance of an injunction.

46. An injunction would serve the public interest by preventing deceptive and unfair advertising practices that mislead consumers.

47. Plaintiff requests that the Court issue a preliminary and permanent injunction enjoining Defendant, its agents, employees, and all persons acting in concert with them, from continuing to broadcast advertisements containing client testimonials and dramatizations that violate Arkansas Rule of Professional Conduct 7.2 and federal regulation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant on all counts;

B. Award Plaintiff compensatory damages in an amount equal to all proceeds derived from the violations discussed above, including the total sum spent by Defendant on the offending advertisements, as well as any additional economic losses suffered; and punitive damages in an amount sufficient to punish Defendant and deter similar conduct in the future, for the harm caused by Defendant's unfair and deceptive practices;

C. Grant a preliminary and permanent injunction as described above;

D. Award Plaintiff attorney's fees and costs of this action; and

E. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: 7/10/24
Respectfully submitted,
Jody Shackelford,
Plaintiff, Pro Se

BY: *[signature]*

Jody L. Shackelford, Esq.
AR Bar #: 2019037
58 Isleta Drive

Cherokee Village, Arkansas 72529

Phone: (870) 847-2120

Fax: 870-466-7704

Email: jodyshackelford@me.com