IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JODY SHACKELFORD                                                                                      PLAINTIFF

v.                                      CASE NO. 3:24-cv-00123-JM/JJV

MORGAN & MORGAN
COMPLEX LITIGATION SERVICES, P.A.                                                  DEFENDANT

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Jody Shackleford ("Plaintiff") claims that Morgan & Morgan Complex Litigation Services, P.A. ("Defendant") violated the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, because Defendant disseminated advertisements which, allegedly, violate the Arkansas Rules of Professional Conduct. Defendant has not violated either the FTCA or the Arkansas Rules of Professional Conduct. Regardless, there is no private right of action under the FTCA; therefore, this Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief may be granted. Further, there is no private right of action under the Arkansas Rules of Professional Conduct; therefore, Plaintiff has failed to state a claim upon which relief may be granted. Finally, Plaintiff has failed to allege a cognizable injury. For these reasons, and for the reasons stated below, this Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### BACKGROUND

Defendant was founded in 1988. Since that time, Defendant has expanded to all 50 U.S. states. With over 1,000 attorneys, Defendant is now one of the largest law firms in America. Defendant advertises its services through various forms of media, including television advertisements.

**STANDARD**

<u>Federal Rule of Civil Procedure 12(b)(1)</u>. The plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and this Court may look at materials "outside the pleadings" in conducting its review. *See Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013). Because of the "unique nature of the jurisdictional question," *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990), it is the Court's duty to "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue," *id*. at 730. As such, if the Court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards. *Id*. at 729. Rather, the Court may receive evidence via "any rational mode of inquiry," and the parties may "request an evidentiary hearing." *Id*. at 730. Ultimately, the Court must rule upon "the jurisdictional issue [unless it] is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Id*.

<u>Federal Rule of Civil Procedure 12(b)(6)</u>. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A complaint that fails to state a claim upon which relief may be granted should be dismissed under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the truth of all well-pled factual allegations must be assumed in the non-moving party's favor on a motion to dismiss, at minimum, "a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). Dismissal is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003). In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## ARGUMENT

**I.  THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1).**

Here, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is based on Defendant's purported violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a).  *See* Dkt. No. 1, ¶ 3. Defendant did not violate the FTCA.  Regardless, it is well-established that the FTCA "creates no private right of action." *In re SuperValu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019); *see F.T.C. v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015) (holding that there is no private cause of action for violations of the Federal Trade Commission Act); *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996) ("[T]here is no private cause of action for violations of the Federal Trade Commission Act.").

Plaintiff cannot invoke the jurisdiction of this Court by alleging violations of the FTCA. "A claim arises under federal law 'when federal law creates a private right of action and furnishes the substantive rules of decision.'" *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022).  "If the plaintiff brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under § 1331." *Id*.  Indeed, this Court recently applied the same reasoning in *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, in which this Court held that, because the Voting Rights Act did not create a private right of action, the Court was "without jurisdiction to hear and decide [the] matter."  586 F.Supp.3d 893, 921 (E.D. Ark. 2022); *see also Baum v. Great Western Cities, Inc. of New Mexico*, 703 F.2d 1197, 1209 (10th Cir.

1983) ("We recognize that private litigants cannot invoke the jurisdiction of the district courts by alleging violations of business practices proscribed by 15 U.S.C.A. § 45(a)(1). The remedial power rests exclusively in the FTC.").

There is no private right of action under the FTCA. Therefore, the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II.     THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEEDURE 12(b)(6).

### A.     The Federal Trade Commission Act, 15 U.S.C. § 45(a), Does Not Create A Private Right Of Action.

Regardless of whether this Court possesses subject matter jurisdiction, which it does not, Plaintiff's claim is predicated on a purported violation of the FTCA. *See* Dkt. No. 1, ¶ 3. Defendant did not violate the FTCA. Even so, the FTCA "creates no private right of action." *See, e.g.*, *In re SuperValu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019). As Plaintiff lacks a private right of action, Plaintiff has, necessarily, failed to state a claim upon which relief can be granted. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B.     The Arkansas Rules Of Professional Conduct Do Not Create A Private Right Of Action.

Plaintiff asserts that Defendant violated the FTCA. This claim is, in turn, based on Defendant's purported violation of Arkansas Rule of Professional Conduct 7.2. *See*, *generally*, Dkt. No. 1 ("Defendant's violation of Rule 7.2 of the Arkansas Rules of Professional Conduct serves as direct evidence supporting the claim that Defendant's wrongful conduct subsequently breached Federal laws regarding unfair trade practices, deceptive trade practices, and false or misleading advertising."). Defendant has not violated the Arkansas Rules of Professional Conduct. Regardless, Plaintiff's claim fails.

The Arkansas Supreme Court has exclusive jurisdiction over the conduct of Arkansas attorneys and has the power to make "rules regulating the practice of law and the professional conduct of attorneys of law." *Neal v. Wilson*, 920 F.Supp. 976, 987 (E.D. Ark. 1996); Ark. Const. Amend. 28.  The Arkansas Rules of Professional conduct are the substantive rules governing the bar. *Id*. The Arkansas Supreme Court Committee on Professional Conduct acts as an arm of the Supreme Court in matters relating to the supervision and licensing of Arkansas attorneys. *Id*. However, the Committee does not exercise judicial power; rather the Committee's function "is in the nature of an administrative agency, which is not bound by the rules of the courts." *Sexton v. Arkansas Supreme Court Comm. on Professional Conduct*, 299 Ark. 439, 446, 774 S.W.2d 114 (1989). The Committee on Professional Conduct enforces the substantive rules.  *Id*.

The Arkansas Rules of Professional Conduct are applicable in disqualification proceedings. *Park Apartments at Fayetteville, LP v. Plants*, 2018 Ark. 172, 3, 545 S.W.3d 755, 757.  A violation of the Arkansas Rules of Professional Conduct does not give rise to a cause of action nor does it create a presumption that a legal duty was breached.  *See Orsini v. Larry Moyer Trucking, Inc.*, 310 Ark. 179, 183, 833 S.W.2d 366, 369 (1992) (The Rules are not designed for a basis of civil liability, but are to provide guidance to lawyers and to provide a structure for regulatory conduct through disciplinary agencies. No cause of action should arise from a violation, nor should it create any presumption that a legal duty has been breached."); *Allen v. Allison*, 356 Ark. 403, 413-14, 155 S.W.3d 682, 690 (2004); *Hill v. Hartness*, 2017 Ark. App. 664, 9, 536 S.W.3d 649, 654 ("A complaint largely predicated on alleged violations of rules of professional conduct cannot be used as a basis for civil liability."); Ark. R. Prof. Cond., Scope ("[The Rules] are not designed to be a basis for civil liability.").

Plaintiff lacks a private right of action with respect to purported violations of the Arkansas Rules of Professional Conduct. As Plaintiff lacks a private right of action, Plaintiff has, necessarily, failed to state a claim upon which relief can be granted. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff Has Failed To Allege A Cognizable Injury.

In effect, Plaintiff alleges that Defendant's advertisements are too effective, thus "diverting potential clients from Arkansas attorneys and law firms." Dkt. No. 1, ¶ 15. Plaintiff does not assert that the actual substance of these advertisements is misleading; instead, Plaintiff claims that these advertisements are misleading in that they "imply[ ] that client testimonials and dramatizations are an acceptable form of attorney advertising in the state, thereby creating a false impression of compliance with local professional conduct rules." Dkt. No. 1, ¶ 13.

Notably, Rule 7.2 of the Arkansas Rules of Professional Conduct is not intended to prevent attorneys from, purportedly, misleading consumers or potential consumers of legal services as to the status of an advertisement's compliance with the Arkansas Rules of Professional Conduct. In fact, it is likely that most lay persons are not familiar with either the existence or substance of the Arkansas Rules of Professional Conduct, nor are lay persons likely to consider whether an advertisement complies with those rules. The Arkansas Rules of Professional Conduct are intended to prevent "false or misleading communication[s] *about the lawyer or the lawyer's services*." Ark. R. Prof. Cond. 7.1 (emphasis added); *see* Ark. R. Prof. Cond. 7.2(e) ("[A]dvertisements … shall not mislead or create an unreasonable expectation about the results the lawyer may be able to obtain."); Ark. R. Prof. Cond. 7.2, comment 7 ("Paragraph (e) of this Rule is designed to ensure that the advertising is not misleading and does not create unreasonable

or unrealistic expectations about the results the lawyer may be able to obtain in any particular case.").

Regardless, it is axiomatic that the Arkansas Rules of Professional Conduct are intended to protect consumers and potential consumers of legal services. Yet, Plaintiff does not allege harm to consumers or potential consumers of legal services, nor would Plaintiff have standing to do so. Plaintiff alleges that "Plaintiff and his business activities [were] harmed." Dkt. No. 1, ¶ 16. The Arkansas Rules of Professional Conduct, however, do not and are not intended to protect attorneys from competition.

Again, the FTCA does not provide a private right of action. However, the Arkansas Deceptive Trade Practices Act ("ADTPA"), which is akin to a state-level version of the FTCA, does supply a private right of action. Under the ADTPA, a "person who suffers an actual financial loss as a result of his or her reliance on the use of a practice declared unlawful by this chapter may bring an action to recover his or her actual financial loss proximately caused by the offense or violation." Ark. Code Ann. § 4-88-113(f)(1)(A). Here, Plaintiff does not allege harm as a result of "his or her *reliance* on the use of a practice declared unlawful," nor does Plaintiff allege harm to consumers or potential consumers of legal services (i.e. the person who, allegedly, would have relied on Defendant's advertisements). Regardless, "[t]he law is settled that the ADTPA does not apply to the practice of law." *In re Humes*, 468 B.R. 346, 358 (E.D. Ark. 2011), citing *Preston v. Stoops*, 373 Ark. 591, 594, 285 S.W.3d 606, 609 (2008). The Arkansas Rules of Professional Conduct regulate the practice of law. *See Preston*, 373 Ark. at 594, 285 S.W.3d at 609. And, as previously stated, the Arkansas Rules of Professional Conduct are not intended to protect attorneys from competition.

With the foregoing in mind, Plaintiff's true aim is clear.  Plaintiff, knowing full well that he cannot satisfy the elements, and in an attempt to avoid the exception for lawful competition, has attempted to shoehorn a claim for tortious interference with a business expectancy through the lens of an Arkansas Rules of Professional Conduct violation.  This Plaintiff cannot do.  As Plaintiff cannot incur the injury *actually claimed*—or injury resulting from Defendant's purported violation of the Arkansas Rules of Professional Conduct—Plaintiff has, necessarily, failed to allege a claim for which relief can be granted.  The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) (or Fed. R. Civ. P. 12(b)(1), should this Court determine that Plaintiff lacks standing and, therefore, this Court lack's subject matter jurisdiction).

## CONCLUSION

Defendant has not violated either the FTCA or the Arkansas Rules of Professional Conduct.  Regardless, Plaintiff lacks a private right of action under the FTCA and the Arkansas Rules of Professional Conduct.  Further, Plaintiff has not alleged a cognizable injury.  For these reasons, this Court should grant Defendant's Motion to Dismiss.

    Steven W. Quattlebaum (Ark. Bar No. 84127)
    E. B. Chiles IV (Ark. Bar No. 2002163)
    S. Katie Calvert (Ark. Bar No. 2019117)
    QUATTLEBAUM, GROOMS & TULL PLLC
    111 Center Street, Suite 1900
    Little Rock, Arkansas 72201
    (501) 379-1700 Telephone
    (501) 379-1701 Facsimile
    quattlebaum@qgtlaw.com
    cchiles@qgtlaw.com
    kcalvert@qgtlaw.com

    *Attorneys for Morgan & Morgan Complex Litigation Services, P.A.*