## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CIVIL DIVISION

JODY SHACKELFORD,                                                     PLAINTIFF,


v.                              CASE NO.: 3:24-CV-00123-JM


MORGAN & MORGAN
COMPLEX LITIGATION SERVICES, P.A.,                        DEFENDANT.


JURY TRIAL DEMANDED

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Jody Shackelford, Attorney at Law, ("Plaintiff"), pro se, brings this

action against Morgan & Morgan Complex Litigation Services P.A. ("Defendant" or

"Morgan & Morgan"), states:

### I.  JURISDICTION, PARTIES AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as

Plaintiff asserts claims arising under federal law, specifically the Lanham Act, 15 U.S.C.

§ 1125(a), concerning false and misleading advertising by the Defendant, and

supplemental jurisdiction over Plaintiff's state law claims, including fraud,

misrepresentation, negligence, and negligence per se, pursuant to 28 U.S.C. § 1367,

because these claims are so related to the federal Lanham Act claim that they form part

of the same case or controversy under Article III of the U.S. Constitution.

2.      Defendant is a business enterprise doing business in the State of Arkansas.

3.      Plaintiff is an Arkansas attorney in the business of providing legal services and resident of the state for all relevant times.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district, and Defendant conducts business in this district.

## II. LEGAL FRAMEWORK AND CLAIMS

5.      The Lanham Act, 15 U.S.C. § 1125(a), prohibits unfair or deceptive acts or practices in or affecting commerce, providing a private cause of action for parties harmed by false or misleading advertising.

6.      Defendant's advertising practices violate this statute by disseminating misleading and deceptive advertisements, which are evidenced by Defendant's willful violation of Arkansas Rule of Professional Conduct 7.2.

7.      The violation of Arkansas Rule 7.2 is not asserted as a separate cause of action; rather, it provides compelling evidence that Defendant's advertising is misleading and deceptive under the Lanham Act; the Rule's violation shows Defendant's intent to deceive consumers by creating a false impression of compliance with local professional standards, thereby supporting the causes of action below.

8.      Defendant's violation of Rule 7.2 demonstrates a deliberate pattern of deceptive advertising practices that has misled consumers in Arkansas and caused harm to Plaintiff's business interests.

9.     Plaintiff asserts that Defendant's advertisements are misleading not solely because they violate Rule 7.2 but because they actively deceive consumers by implying compliance with all applicable advertising rules, thereby influencing consumers' choices to Plaintiff's detriment.

10.    This conduct of violating Rule 7.2, as evidence of misleading advertising under the Lanham Act, has resulted in harm to the Plaintiff by diverting clients from Plaintiff to Defendant under false pretenses; this is the rock on which the Complaint also establishes that Defendant, Morgan & Morgan Complex Litigation Services, P.A., has engaged in a pattern of racketeering activity through a fraudulent scheme designed to mislead consumers, create an unfair competitive advantage, and improperly divert clients and business from competitors, including Plaintiff, in violation of 18 U.S.C. §§ 1961–68 (RICO).

### III. BACKGROUND FACTS

11.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12.    Morgan & Morgan engages in extensive advertising campaigns across multiple states, including Arkansas, utilizing television, radio, and online platforms.

13.    Despite the prohibition under Arkansas Rule of Professional Conduct 7.2, Morgan & Morgan broadcasts advertisements into the State of Arkansas containing client testimonials and dramatizations, going so far as to explicitly state "DRAMATIZATION" at the bottom of the screen.

3





*This screenshot of a commercial Defendant ran in Arkansas in 2024.*





*This screenshot of a commercial Defendant ran in Arkansas in 2024, showing a client in the advertising in violation of rule 7.2.*

14.    These dramatized ads play daily on TV stations across the state of Arkansas and include campaigns such as "Miss More," which imply compliance with ethical advertising standards while actually violating them.



*Above is a screenshot from Defendant's Miss More Ad aired in Arkansas in 2024.*

15.    This misleads consumers into believing that such advertisements are legally permissible and reflect the true quality of Morgan & Morgan's services.

16.    The ads have reached and influenced consumers in Arkansas, leading them to retain Defendant's services under the mistaken belief that such testimonials and dramatizations are acceptable and truthful.

17.    These advertisements, which are wrongful when received by the public, mislead Arkansas consumers by implying that client testimonials and dramatizations are an acceptable form of attorney advertising in the state, thereby creating a false impression of compliance with local professional conduct rules.

18.     These advertisements have reached and influenced consumers in Arkansas, leading them to retain Defendant's services under the belief that such testimonials and dramatizations are permissible.

19.     As a result, Morgan & Morgan has signed up a multitude of Arkansas cases, diverting potential clients from Arkansas attorneys who comply with ethical rules, including Plaintiff.

19.     Defendant's deceptive advertisements have directly caused harm to Plaintiff, who competes for the same clients in Arkansas's legal market; Plaintiff will demonstrate through discovery that these misleading advertisements caused quantifiable losses in client retention and revenue.

## IV. IMPACT ON PLAINTIFF'S BUSINESS

20.     Morgan & Morgan's fraudulent advertising practices have caused specific harm to Plaintiff, including:

a. Loss of clients who were misled by Morgan & Morgan's advertisements.

b. Damage to Plaintiff's reputation due to perceived inferiority compared to Morgan & Morgan's services.

c. Unfair competition as Morgan & Morgan gains an unfair advantage by violating advertising rules that Plaintiff adheres to.

## V.  CLAIMS

### COUNT ONE

### FALSE ADVERTISING UNDER

### THE LANHAM ACT, 15 U.S.C. § 1125(a)

21.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

22.     Defendant has engaged in false advertising by disseminating advertisements containing client testimonials and dramatizations that misrepresent the nature, characteristics, and qualities of its legal services.

23.     Defendant's advertisements suggest that Defendant's attorneys directly handle all cases when, in fact, many cases are referred to other firms or attorneys, a fact not adequately disclosed to the public.

24.     These representations are literally false or, at minimum, misleading to a substantial portion of the intended audience, and there is a tendency to deceive consumers.

25.     The deception is material because it is likely to influence the purchasing decisions of consumers seeking legal representation.

26.     Defendant's false and misleading advertising statements have traveled in interstate commerce by being broadcast on television, radio, and online platforms.

27.     As a direct and proximate result of Defendant's false and misleading advertising, Plaintiff has suffered and continues to suffer harm, including loss of clients, damage to reputation, and unfair competition.

**COUNT TWO**

**UNFAIR COMPETITION**

**THE LANHAM ACT, 15 U.S.C. § 1125(a)**

28.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29.     By willfully advertising in violation of known ethics rules, Defendant's use of these ads is misleading and deceptive advertising practices which constitutes unfair competition under the Lanham Act.

30.     Defendant's actions have caused, and continue to cause, substantial injury to Plaintiff and similarly situated Arkansas attorneys by misleading consumers and diverting business from law firms that comply with ethical advertising standards.

31.     The harm caused by these practices is not outweighed by any countervailing benefits to consumers or competition and is not reasonably avoidable by consumers.

32.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and continues to suffer irreparable harm, including loss of clients, damage to reputation, and unfair competition.

**COUNT THREE**

**VIOLATION OF THE RACKETEER INFLUENCED**

**AND CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. § 1962**

*A Pattern of Racketeering Activity*

9

33.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34.     This claim arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), which makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

35.     Defendant, Morgan & Morgan, is an "enterprise" within the meaning of 18 U.S.C. § 1961(4) as a legal entity and is engaged in activities that affect interstate commerce through its extensive advertising campaigns, client solicitation, and representation of clients across multiple states, especially Arkansas.

36.     Defendant has engaged in a "pattern of racketeering activity," as defined by 18 U.S.C. § 1961(1) and (5), using the fraudulent advertisements as a central strategy in its enterprise operations, and consisting of repeated violations of the laws prohibiting wire fraud (18 U.S.C. § 1343) and mail fraud (18 U.S.C. § 1341);

      A.     Morgan and Morgan's scam is simple: overwhelm the legal market with their brazen ads, scoop up settlements by the millions, and funnel the profits out of state—money that should have stayed in the hands of local attorneys; specifically, Defendant's conduct includes the knowing and intentional use of interstate wire communications and mail services to disseminate false and misleading advertisements to the public, which falsely represent the nature and

quality of its legal services and falsely imply that Defendant's attorneys are in compliance with state advertising rules, when, in fact, they are violating ethics.

B.      This willful and years-long violation of the Arkansas Rules of Professional Conduct 7.2 is evidence that Defendant's conduct and wrongful advertisements constitute a fraudulent scheme intended to deceive the public into engaging their services under false pretenses, resulting in financial gain to Defendant through an unlawful and fraudulent means.

C.      Upon knowledge and belief, this pattern of racketeering activity extends from August 29, 2014 and continues through August 29, 2024, where Defendant lined their pockets by using the wire, as contemplated by RICO,  in a consistent pattern to broadcasted an advertisement over interstate television networks that included client testimonials and dramatizations, explicitly labeled as "DRAMATIZATION," falsely suggesting to Arkansas consumers that such advertising practices were in compliance with ethical standards when, in fact, they were not.

D.       Defendant disseminated internet advertisements through various websites accessible to Arkansas residents. These ads included dramatizations and client testimonials, which violated Rule 7.2 and created a misleading impression about the ethical standing and compliance of Morgan & Morgan's advertising practices.

E.      Defendant mailed contracts, correspondence, and other materials to Arkansas residents that failed to disclose that those individuals had been lured by client testimonials and dramatizations in violation of ethics rules.

F.      These materials were designed to create the false impression that the attorney-client relationships harvested by Morgan and Morgan's scheme were entered into ethically, when in fact they were not.

G.      Since 2022, Defendant has continuously used interstate wire communications, including online platforms, television, and radio, to disseminate these misleading advertisements into multiple states, including Arkansas; these advertisements are designed to deceive consumers by implying compliance with state ethical rules that, in reality, Defendant knowingly violates.

H.      The repeated dissemination of misleading advertisements presents an ongoing threat of continued fraudulent activity integral to Defendant's business strategy.

I.      Morgan and Morgan's game is a crooked one: drowning the market with outrageous unethical ads to rake in millions, diverting profits out of state that should have gone to local attorneys, keeping the money where it belongs.

J.      Each act of wire or mail fraud was part of a unified scheme to mislead consumers and harm competitors over a significant time.

37.     The racketeering acts of wire fraud and mail fraud were committed on multiple occasions as part of Defendant's regular business practices, including, but not limited to:

A.     The use of (wire) television, radio, and online platforms to disseminate advertisements containing misleading and false representations to consumers in Arkansas and other states.

B.     The repeated mailing and electronic transmission of such advertisements across state lines, such as Florida into Arkansas, utilizing interstate mail services and electronic communications systems to carry out the fraudulent scheme.

C.     Conducting these activities to the harm of Plaintiff and other Arkansas attorneys similarly situation, particularly by diluting the effect of Plaintiff's own advertising and market presence, luring clients out of the market, and unfairly diminishing the Plaintiff's market share.

38.     The acts of wire and mail fraud described above constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5), as they are related by purpose and occurred over an extended period, or alternatively, pose a threat of continued wrongful activity.

39.     Through its conduct, Defendant has unlawfully conducted or participated, directly or indirectly, in the conduct of its affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

13

40.     As a direct and proximate result of Defendant's violations of 18 U.S.C. § 1962, Plaintiff has suffered and continues to suffer injury to his business and property, including, but not limited to, loss of clients, loss of reputation, and other financial harms.

41.     Plaintiff is entitled to recover threefold the damages sustained, together with the cost of the suit, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c).

**COUNT FOUR**

**COMMON LAW FRAUD UNDER ARKANSAS STATE LAW**

42.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43.     Morgan & Morgan engaged in advertising practices in the State of Arkansas that included the use of client testimonials and dramatizations in willful violation of Arkansas Rule of Professional Conduct 7.2; while the Defendant's conduct violates state ethics rules, this is used here only to illustrate the knowing and intentional nature of their deceptive practices under the Lanham Act and common law fraud rules.

44.     Morgan & Morgan's advertisements falsely represented to consumers in Arkansas that the use of client testimonials and dramatizations in attorney advertisements is permissible under state law.

45.     At the time Morgan & Morgan made these representations, it knew or should have known that such practices were in direct violation of Arkansas Rule of

Professional Conduct 7.2, which prohibits client testimonials and dramatizations in attorney advertising to prevent misleading and deceptive practices.

46.    Morgan & Morgan's intent in making these false representations was to induce Arkansas consumers to retain their legal services, thereby diverting potential clients from Plaintiff and other Arkansas attorneys.

47.    Plaintiff, as a competitor attorney in Arkansas, justifiably relied on the legal and ethical framework established by the Arkansas Rules of Professional Conduct, which presumes that attorneys advertising in Arkansas adhere to these rules.

48.    Plaintiff relied on the expectation that the market would be free from such flagrant fraudulent practices, causing Plaintiff to expend resources in competition with Defendant under false pretenses.

49.    Plaintiff was forced to compete with Defendant in the legal market when Defendant was cheating as a market participant and suffered harm flowing from that.

50.    As a direct and proximate result of Morgan & Morgan's false representations and misleading advertising practices, Plaintiff has suffered damages, including, but not limited to, loss of clients, lost income, reputational harm, and unfair competition.

51.    Morgan & Morgan's conduct was willful, malicious, and in bad faith, warranting the imposition of punitive damages.

**COUNT FIVE**

**MISREPRESENTATION UNDER STATE LAW**

52.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

53.     Morgan & Morgan made false representations in its advertising campaigns disseminated within Arkansas, including the use of client testimonials and dramatizations that implied compliance with Arkansas Rule of Professional Conduct 7.2.

54.     Morgan & Morgan knew or should have known, in the exercise of reasonable care, that its advertising practices were prohibited under Arkansas law and that they would mislead Arkansas consumers and attorneys.

55.     Defendant's advertisements created a false impression that Morgan & Morgan's services were superior or in compliance with Arkansas advertising standards, thereby inducing consumers to retain their services.

56.     Plaintiff, as a competing attorney, relied on Morgan and Morgan as a fellow market participant to uphold the advertising standards mandated by the Arkansas Rules of Professional Conduct, and then invested in advertising and marketing under the belief that all competitors adhered to these ethical standards.

57.     Morgan & Morgan's failure to disclose that their advertising practices were in violation of Arkansas law was material, as it directly impacted the market for legal services in Arkansas, leading consumers to believe that such practices were permissible.

58.     As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has suffered damages, including lost business

opportunities, reputational harm, and a competitive disadvantage in the legal market in Arkansas.

59.     Morgan & Morgan's conduct, while negligent, was so flagrantly reckless and unreasonable that it demonstrates a disregard for the rules governing attorney conduct and advertising, warranting punitive damages.

**COUNT SIX**
**NEGLIGENCE PER SE**

60.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein, and pleads the following in the alternative.

61.     Defendant's advertising practices violated Arkansas Rule of Professional Conduct 7.2, which prohibits misleading and deceptive advertising practices, including the use of client testimonials and dramatizations.

62.     Arkansas Rule of Professional Conduct 7.2 was enacted to protect the public, including potential clients, and competing attorneys from misleading and deceptive advertising.

63.     Defendant's violation of Arkansas Rule of Professional Conduct 7.2 constitutes negligence per se because it establishes a duty that was breached by Defendant's actions.

64.     Plaintiff and other competitors in the legal market were within the class of persons intended to be protected by this rule, and the harm suffered—loss of clients, damage to reputation, and unfair competition—was the type of injury the rule was designed to prevent.

65.     Defendant's breach of this duty proximately caused harm to Plaintiff, resulting in loss of clients, damage to Plaintiff's reputation, and other economic losses.

66.     As a direct and proximate result of Defendant's negligence per se, Plaintiff has suffered and continues to suffer damages, including loss of clients, damage to reputation, and economic harm.

**COUNT SEVEN**

**COMMON LAW NEGLIGENCE UNDER STATE LAW**

67.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein and pleads the following in the alternative.

68.     Defendant owed a duty to the public and to other attorneys, including Plaintiff, to engage in fair and non-deceptive advertising practices in accordance with state and federal laws.

69.     Defendant breached this duty by airing advertisements that violated Arkansas Rule of Professional Conduct 7.2 and FCC rules prohibiting misleading and deceptive advertising practices.

70.     Defendant's breach of duty was a direct and proximate cause of the harm suffered by Plaintiff, resulting in the loss of clients, damage to Plaintiff's reputation, and other economic losses.

71.     Plaintiff has suffered damages, including lost revenue and damage to reputation, as a result of Defendant's breach of duty.

## VI. REQUEST FOR INJUNCTIVE RELIEF

72.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     Plaintiff seeks a preliminary and permanent injunction to stop Defendant from continuing to engage in the deceptive and unfair advertising practices described above while this case is being litigated.

74.     Defendant's ongoing violations are causing and will continue to cause irreparable harm to Plaintiff and the consuming public if not enjoined.

75.     Plaintiff has a substantial likelihood of success on the merits of this case, given the clear evidence of Defendant's wrongful conduct.

76.     The balance of equities tips in favor of Plaintiff, as the harm to Plaintiff and the public outweighs any potential harm to Defendant from the issuance of an injunction.

77.     An injunction would serve the public interest by preventing deceptive and violative advertising practices that mislead consumers.

78.     The Defendant's have been unjustly enriched by their conduct, and should be found liable for unjust enrichment for the reasons provided above.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter judgment in favor of Plaintiff and against Defendant on all counts;

B.      Award Plaintiff compensatory damages in an amount to be determined by a jury at trial, for unjust enrichment, and for punitive damages in the amount of $150,000,000, for the harm caused by Defendant's wrongful conduct;

C.      Grant a preliminary and permanent injunction as described above;

D.      Award Plaintiff attorney's fees and costs of this action; and

E.      Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: 8/29/24
Respectfully submitted,
Jody Shackelford,
Plaintiff, Pro Se

BY:      /s/ Jody Shackelford

Jody L. Shackelford, Esq.
AR Bar #: 2019037
58 Isleta Drive
Cherokee Village, Arkansas 72529
Phone: (870) 847-2120
Fax: 870-466-7704
Email: jodyshackelford@me.com

CERTIFICATE OF SERVICE

I, Jody L. Shackelford, I hereby certify that on this 29th day of August, 2024, filed a copy of the foregoing with the Clerk of Court using the CM/ECF electronic filing system, which shall send electronic notification of such filing to all counsel of record:

Steven W. Quattlebaum (Ark. Bar No. 84127) E. B. Chiles IV (Ark. Bar No. 2002163) S. Katie Calvert (Ark. Bar No. 2019117) QUATTLEBAUM, GROOMS & TULL PLLC 111 Center Street, Suite 1900 Little Rock, AR 72201 Telephone: (501) 379-1700 Facsimile: (501) 379-1701 quattlebaum@qgtlaw.com cchiles@qgtlaw.com kcalvert@qgtlaw.com

BY:    /s/ Jody Shackelford

Jody L. Shackelford, Esq.

AR Bar #: 2019037