IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JODY SHACKELFORD PLAINTIFF

v. CASE NO. 3:24-CV-00123-JM/JJV

MORGAN & MORGAN
COMPLEX LITIGATION SERVICES, P.A. DEFENDANT

**MORGAN & MORGAN COMPLEX LITIGATION SERVICES, P.A.'S MOTION TO STAY DISCOVERY**

Morgan & Morgan Complex Litigation Services, P.A. ("Defendant"), for its Motion to Stay Discovery, states as follows:

1. Defendant was served with the original complaint, Plaintiff's First Set of Requests for Admissions (the "RFA"), and Plaintiff's First Set of Interrogatories and Requests for Production (the "Discovery Requests") on July 29, 2024. *See* Dkt. No. 1; Exhibits 1-2.

2. Defendant's responses to the RFA and the Discovery Requests are due January 6, 2024. *See* Fed. R. Civ. P. 6(a), 26(d)(1), 33(b)(2), 34(b)(2)(A), 36(a)(3).

3. The parties' initial disclosures are due December 19, 2024. *See* Fed. R. Civ. P. 26(a)(1)(C).

4. Defendant's Motion to Dismiss, filed on September 26, 2024, is pending. *See* Dkt. No. 17.

5. Further, the Court has not yet ruled on Jody Shackelford's ("Plaintiff") Article III standing. *See* Dkt. No. 28.

6. Federal Rule of Civil Procedure 26(c) provides that a district court may stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c).

7. Defendant requests that the Court enter an order staying all discovery including, but not limited to, the RFA, Discovery Requests, and initial disclosures, until the Court has ruled on Defendant's Motion to Dismiss.

8. Defendant has established good cause for staying discovery because: (1) Defendant has shown a likelihood of success on the merits of the Motion to Dismiss; (2) Defendant will incur hardship if discovery is not stayed; (3) Plaintiff will not be prejudiced by a stay; (4) the conservation of judicial resources favors a stay; (5) the public interest favors a stay; and (6) Plaintiff's overly broad RFA and Discovery Requests favor a stay.

9. Defendant has conferred with Plaintiff and Plaintiff **is opposed** to a stay of discovery until the Court rules on Defendant's Motion to Dismiss.

10. Alternatively, Defendant requests that the Court enter an order staying all discovery until the Court has ruled upon Plaintiff's Article III standing.

11. Article III standing is jurisdictional; this Court may not proceed until jurisdiction has been established. Therefore, a stay is warranted.

12. Defendant has conferred with Plaintiff and Plaintiff **is not opposed** to a stay of discovery until the Court rules upon Article III standing.

13. Defendant offers the following exhibits in support, which are incorporated by reference:

a. Exhibit 1: Plaintiff's First Set of Requests for Admissions;

b. Exhibit 2: Plaintiff's First Set of Interrogatories and Requests for Production.

14. A Brief in Support is being filed herewith and is incorporated by reference.

**WHEREFORE**, Morgan & Morgan Complex Litigation Services, P.A. respectfully requests that this Court grant Defendant's Motion to Stay Discovery and enter an order staying all discovery until the Court rules on Defendant's Motion to Dismiss, or, alternatively, until the Court rules on Article III standing.

Respectfully submitted,

Steven W. Quattlebaum (Ark. Bar No. 84127)
E. B. Chiles IV (Ark. Bar No. 96179)
S. Katie Calvert (Ark. Bar No. 2019117)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
quattlebaum@qgtlaw.com
cchiles@qgtlaw.com
kcalvert@qgtlaw.com

*Attorneys for Morgan & Morgan Complex Litigation Services, P.A.*