**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**8TH JUDICIAL CIRCUIT**
**CIVIL DIVISION**

JODY SHACKELFORD, PLAINTIFF,

v. CASE NO.: 3:24-CV-00123-JM

MORGAN & MORGAN

COMPLEX LITIGATION SERVICES, P.A., DEFENDANT.

JURY TRIAL DEMANDED

## INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jody Shackelford, Attorney at Law, requests that Defendant Morgan & Morgan Complex Litigation Services, P.A., answer the following interrogatories separately and fully in writing under oath within thirty (30) days of service hereof. These interrogatories are



EXHIBIT
2

continuing in nature, and Defendant is required to supplement its answers if it obtains further information or if any prior response is found to be incorrect or incomplete.

## DEFINITIONS AND INSTRUCTIONS

"Defendant" refers to Morgan & Morgan Complex Litigation Services, P.A., including all agents, employees, representatives, and any other persons acting or purporting to act on its behalf.

"Advertisement" refers to any commercial message, including but not limited to television, radio, online, and print media, produced, published, or broadcasted by or on behalf of Defendant.

"Dramatization" refers to any advertisement using actors, scripts, or any other method of depicting scenarios that are not actual client experiences.

"Client testimonial" refers to any advertisement in which a client or purported client of Defendant provides a statement regarding their experience with Defendant's legal services.

"Arkansas Rule of Professional Conduct 7.2" refers to the rules governing attorney advertising in the state of Arkansas.

## INTERROGATORIES

**Interrogatory No. 1**: Identify all advertisements broadcast by Defendant in the State of Arkansas from January 1, 2020, to the present, specifying the medium (e.g., television, radio, online), dates of broadcast, and content of each advertisement.

**Interrogatory No. 2**: Describe in detail the process and criteria Defendant uses to develop, approve, and broadcast advertisements, including the roles of John B. Morgan and other key individuals.

**Interrogatory No. 3**: Identify all client testimonials used in Defendant's advertisements broadcast in Arkansas, including the name of the client, date of the testimonial, and the advertisement(s) in which the testimonial was used.

**Interrogatory No. 4**: Identify all dramatizations used in Defendant's advertisements broadcast in Arkansas, including the specific scenes, actors involved, and the advertisements in which the dramatizations were used.

**Interrogatory No. 5**: Explain Defendant's understanding and interpretation of Arkansas Rule of Professional Conduct 7.2 as it relates to the use of client testimonials and dramatizations in advertisements.

**Interrogatory No. 6**: Describe any legal advice or consultations Defendant sought or received regarding compliance with Arkansas Rule of Professional Conduct 7.2 before broadcasting advertisements in Arkansas.

**Interrogatory No. 7**: Identify all employees, agents, or contractors involved in the creation, approval, and broadcast of Defendant's advertisements in Arkansas from January 1, 2020, to the present.

**Interrogatory No. 8**: State the total amount Defendant has spent on advertising in the State of Arkansas from January 1, 2020, to the present, broken down by year and medium.

**Interrogatory No. 9**: Identify all complaints or inquiries Defendant has received from regulatory bodies, consumers, or other entities regarding its advertising practices in Arkansas, including the date and nature of each complaint or inquiry and Defendant's response.

**Interrogatory No. 10**: Describe in detail any actions Defendant has taken to ensure compliance with Federal Communications Commission (FCC) rules and the Federal Trade Commission Act, 15 U.S.C. § 45(a), regarding false or misleading advertising.

**Interrogatory No. 11**: Identify all instances where Defendant has modified or ceased broadcasting an advertisement in Arkansas due to concerns about compliance with advertising regulations, including the reasons for the modification or cessation.

**Interrogatory No. 12**: State the number of clients Defendant has retained in Arkansas as a result of advertisements broadcast in the state from January 1, 2020, to the present, and describe how Defendant tracks and measures the effectiveness of its advertisements.

**Interrogatory No. 13**: Explain any benefits Defendant claims result from using client testimonials and dramatizations in its advertisements, particularly in relation to consumer understanding and decision-making.

**Interrogatory No. 14**: Identify all Arkansas attorneys or law firms with whom Defendant has engaged in joint advertising campaigns, referral agreements, or other collaborative advertising efforts, including the nature and terms of these arrangements.

**Interrogatory No. 15**: Describe in detail any internal policies, procedures, or training programs Defendant has implemented to ensure its advertising practices comply with relevant legal and ethical standards.

**Interrogatory No. 16**: Identify all experts or consultants Defendant has engaged to review or assess its advertising practices, including their names, qualifications, and the scope of their review or assessment.

**Interrogatory No. 17**: Describe any disciplinary actions, investigations, or sanctions Defendant has faced related to its advertising practices in Arkansas or any other state, including the outcome of such actions.

**Interrogatory No. 18**: State the basis for any belief Defendant has that its advertisements, including those containing client testimonials and dramatizations, do not mislead or deceive consumers in Arkansas.

**Interrogatory No. 19**: Identify all other states where Defendant broadcasts advertisements containing client testimonials and dramatizations, and describe any differences in advertising practices or compliance measures compared to those used in Arkansas.

**Interrogatory No. 20**: Describe in detail any market research or consumer feedback Defendant has obtained regarding its advertisements in Arkansas, including the methods used to collect this information and any findings or conclusions drawn from it.

**Interrogatory No. 21**: Explain the role of John B. Morgan in approving or overseeing the content of advertisements broadcast in Arkansas, including any specific instructions or guidelines he has provided.

**Interrogatory No. 22**: Describe any communications Defendant has had with the Arkansas Bar Association or other professional organizations regarding its advertising practices, including the dates and content of these communications.

**Interrogatory No. 23**: Identify all instances where Defendant has been informed by any party that its advertisements may violate Arkansas Rule of Professional Conduct 7.2 or any other advertising regulations, including Defendant's response to such information.

**Interrogatory No. 24**: Explain the significance and intended impact of the disclaimers "DRAMATIZATION" and "ACTUAL CLIENT" used in Defendant's advertisements broadcast in Arkansas.

**Interrogatory No. 25**: Identify all internal reviews, audits, or assessments Defendant has conducted to evaluate the compliance of its advertisements with Arkansas Rule of Professional Conduct 7.2 and other relevant advertising regulations.

**Interrogatory No. 25**: Provide the yearly earnings report for all cases in Arkansas from January 1, 2020 to present.

**Interrogatory No. 26**: Identify the total gross sum of attorney fees collected by Morgan and Morgan, its associates, or contracted agents from Arkansas cases from January 1, 2020 to present.

**Interrogatory No. 27**: Identify the total sum of all advertising expenditures in Arkansas from January 1, 2020 to present. and to what media outlets those expenditures flowed, such as KAIT 8 in Jonesboro and THV in Little Rock, etc.

## REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 34 regarding discovery through the Request for Production ("RFP") under the Federal Rules of Civil Procedure, Plaintiff Jody Shackelford, Attorney at Law, requests that Defendant Morgan & Morgan Complex Litigation Services, P.A., produce the following documents and things within thirty (30) days of service hereof at the office of the Plaintiff, or at such other place as may be mutually agreed upon.

**RFP No. 1**: All video recordings of advertisements broadcast by Defendant in the State of Arkansas from January 1, 2020, to the present.

**RFP No. 2**: All audio recordings of advertisements broadcast by Defendant in the State of Arkansas from January 1, 2020, to the present.

**RFP No. 3**: All print advertisements published by Defendant in the State of Arkansas from January 1, 2020, to the present.

**RFP No. 4:** All online advertisements published by Defendant targeting or reaching audiences in the State of Arkansas from January 1, 2020, to the present, including screenshots, video files, and web links.

**RFP No. 5:** All documents, including scripts, storyboards, drafts, and final versions, related to the creation, approval, and broadcast of the advertisements identified in Requests Nos. 1-4.

**RFP No. 6:** All emails, internal memos, and other correspondence discussing the development, approval, and broadcast of advertisements containing client testimonials and dramatizations in Arkansas.

**RFP No. 7**: All emails, internal memos, and other correspondence discussing compliance with Arkansas Rule of Professional Conduct 7.2 and related legal or ethical considerations for advertisements broadcast in Arkansas.

**RFP No. 8**: All client testimonials used in Defendant's advertisements broadcast in Arkansas, including any written statements, video recordings, or audio recordings of the testimonials.

**RFP No. 9**: All dramatizations used in Defendant's advertisements broadcast in Arkansas, including scripts, video recordings, and audio recordings.

**RFP No. 10**: All documents reflecting Defendant's understanding and interpretation of Arkansas Rule of Professional Conduct 7.2 as it relates to the use of client testimonials and dramatizations in advertisements.

**RFP No. 11**: All documents reflecting any legal advice or consultations Defendant sought or received regarding compliance with Arkansas Rule of Professional Conduct 7.2 before broadcasting advertisements in Arkansas.

**RFP No. 12**: All documents identifying employees, agents, or contractors involved in the creation, approval, and broadcast of Defendant's advertisements in Arkansas from January 1, 2020, to the present.

**RFP No. 13:** All documents reflecting the total amount Defendant has spent on advertising in the State of Arkansas from January 1, 2020, to the present, broken down by year and medium.

**RFP No. 14:** All complaints or inquiries Defendant has received from regulatory bodies, consumers, or other entities regarding its advertising practices in Arkansas, including all correspondence and Defendant's responses.

**RFP No. 15:** All documents reflecting any actions Defendant has taken to ensure compliance with Federal Communications Commission (FCC) rules and the Federal Trade Commission Act, 15 U.S.C. § 45(a), regarding false or misleading advertising.

**RFP No. 16:** All documents identifying instances where Defendant has modified or ceased broadcasting an advertisement in Arkansas due to concerns about compliance with advertising regulations, including the reasons for the modification or cessation.

**RFP No. 17:** All documents reflecting the number of clients Defendant has retained in Arkansas as a result of advertisements broadcast in the state from January 1, 2020, to the present, and documents describing how Defendant tracks and measures the effectiveness of its advertisements.

**RFP No. 18:** All documents reflecting any benefits Defendant claims result from using client testimonials and dramatizations in its advertisements, particularly in relation to consumer understanding and decision-making.

**RFP No. 19**: All documents identifying Arkansas attorneys or law firms with whom Defendant has engaged in joint advertising campaigns, referral agreements, or other collaborative advertising efforts, including the nature and terms of these arrangements.

**RFP No. 20**: All documents reflecting any internal policies, procedures, or training programs Defendant has implemented to ensure its advertising practices comply with relevant legal and ethical standards.

**RFP No. 21**:All documents identifying experts or consultants Defendant has engaged to review or assess its advertising practices, including their names, qualifications, and the scope of their review or assessment.

All documents reflecting any disciplinary actions, investigations, or sanctions Defendant has faced related to its advertising practices in Arkansas or any other state, including the outcome of such actions.

**RFP No. 22**: All documents reflecting the basis for any belief Defendant has that its advertisements, including those containing client testimonials and dramatizations, do not mislead or deceive consumers in Arkansas.

**RFP No. 23**: All documents identifying other states where Defendant broadcasts advertisements containing client testimonials and dramatizations, and documents describing any differences in advertising practices or compliance measures compared to those used in Arkansas.

**RFP No. 24**: All documents reflecting any market research or consumer feedback Defendant has obtained regarding its advertisements in Arkansas, including the methods used to collect this information and any findings or conclusions drawn from it.

**RFP No. 25**: All documents reflecting the role of John B. Morgan in approving or overseeing the content of advertisements broadcast in Arkansas, including any specific instructions or guidelines he has provided.

**RFP No. 26**: All documents reflecting any communications Defendant has had with the Arkansas Bar Association or other professional organizations regarding its advertising practices, including the dates and content of these communications.

**RFP No. 27**: All documents identifying instances where Defendant has been informed by any party that its advertisements may violate Arkansas Rule of Professional Conduct 7.2 or any other advertising regulations, including Defendant's response to such information.

**RFP No. 28**: All documents reflecting the significance and intended impact of the disclaimers "DRAMATIZATION" and "ACTUAL CLIENT" used in Defendant's advertisements broadcast in Arkansas.

**RFP No. 29**: All documents reflecting any internal reviews, audits, or assessments Defendant has conducted to evaluate the compliance of its advertisements with Arkansas Rule of Professional Conduct 7.2 and other relevant advertising regulations.

**RFP No. 29**: All financial reports and documents reflecting all attorney fees collected in Arkansas from January 1, 2020 to present.

**RFP No. 29**: All financial reports reflecting all advertising expenditures in Arkansas from January 1, 2020 to present..

Plaintiff reserves the right to propound additional requests for production as the case progresses.

Respectfully submitted,
Jody Shackelford,
Plaintiff, Pro Se

BY: /s/ Jody Shackelford

Jody L. Shackelford, Esq.
AR Bar #: 2019037
58 Isleta Drive
Cherokee Village, Arkansas 72529
Phone: (870) 847-2120
Fax: 870-466-7704
Email: jodyshackelford@me.com

## CERTIFICATE OF SERVICE

I, Jody L. Shackelford, do hereby state that I have on this 26h day of July 2024, served a true and correct copy of the above and foregoing by U.S. mail, certified, delivery confirmation, return receipt requested, restricted, to the Defendant's Registered Agent below:

MORGAN & MORGAN

COMPLEX LITIGATION SERVICES, P.A., c/o

THE CORPORATION COMPANY

Agent Address

124 WEST CAPITOL AVENUE SUITE 1900 LITTLE ROCK, AR 72201

BY: /s/ Jody Shackelford

Jody L. Shackelford, Esq.

AR Bar #: 2019037